# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 4:17-CR-00139 |
| v. | : JUDGE BRANN |
| JUSTIN DANIEL LOUGH | : (Electronically Filed) |

## JUSTIN LOUGH'S BRIEF IN SUPPORT OF MOTION FOR RELEASE PENDING TRIAL

### Relevant Procedural and Factual History

On April 11, 2017, a Criminal Complaint was filed charging Justin Daniel Lough with conspiracy to possess and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 and § 846; transport, deliver or receive a firearm interstate commerce which has not been properly registered, in violation of 26 U.S.C. § 5861(j); interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952; and money laundering and conspiracy to commit money laundering in violation of 18 U.S.C. 1956(a)(3)(B) & (h). On April 13, 2017, Justin Lough was arrested in Western District of Virginia and appeared before United States Magistrate Judge Joel C. Hoppe for an initial appearance. Mr. Lough was remanded pending commitment to the Middle District of Pennsylvania.

On April 27, 2017, the Grand Jury handed up an indictment against Justin

Daniel Lough charging him with conspiracy, in violation of 18 U.S.C. § 371; three counts of interstate travel in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3); conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; three counts of attempted distribution of a controlled substance in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B); transport, delivery and receipt of unregistered machineguns, in violation of 26 U.S.C. § 586(j); and criminal forfeiture, in violation of 18 U.S.C. §§ 924, 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

Also, on April 27, 2017, Justin Lough appeared before Magistrate Judge Martin C. Carlson for an initial appearance and arraignment. The Federal Public Defender was appointed to represent Mr. Lough. At the Initial Appearance, the government requested detention of Mr. Lough and invoked the rebuttable presumption pursuant to 18 U.S.C § 3142(e). Justin Daniel Lough did not contest detention at that time; however, he reserved the right to request a hearing at a later time as reflected in the order of detention.

Justin Daniel Lough now requests that this Honorable Court set an evidentiary hearing where Mr. Lough may present evidence by proffer and through witnesses to show that there are conditions of release which will reasonably assure

Mr. Lough's appearance when required, and which will not endanger the safety of the community during his pretrial release.

Question Presented

WHETHER JUSTIN DANIEL LOUGH IS ENTITLED TO AN EVIDENTIARY HEARING PURSUANT TO 18 U.S.C. § 3142(f)?

Argument

JUSTN DANIEL LOUGH IS ENTITLED TO AN EVIDENTIARY HEARING PURSUANT TO 18 U.S.C. § 3142(f).

A motion for a detention hearing is governed by 18 U.S.C. § 3142(f). That section provides in relevant part that:

> [t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
>
> **(1)** upon motion of the attorney for the Government, in a case that involves—
> \* \* \*
> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> \* \* \*

18 U.S.C. § 3142(f)(1). The Statute further provides that:

> [t]he hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). During a continuance, such person shall be detained….

18 U.S.C. § 3142(f)(2)(B). At the hearing the defendant has (1) the right to be represented by counsel; (2) the right to testify; (3) the right to present witnesses on his behalf; (4) the right to cross-examine witnesses who appear at the hearing; and (5) the right to present information by proffer or otherwise. 18 U.S.C. § 3142(f)(2)(B).

A defendant has an absolute right to a detention hearing, pursuant to 18 U.S.C. § 1342(f). *United States v. Salerno,* 481 U.S. 739 (1987). A defendant's waiver of an immediate detention hearing is treated as an indefinite continuance for good cause. *United States v. Clark,* 865 F.2d 1433, 1437 (4th Circ. 1989). Once the defendant requests a hearing, it must be scheduled within the time limits of 18 U.S.C. § 3142 (f). *Clark,* 865 F.2d at 1437. See also, *United States v. Coonan*, 826 F.2d 1180, 1184-84 (2d Cir. 1987).

Justin Daniel Lough waived his immediate right to a detention hearing at the Initial Appearance held in this case on April 27, 2017. However, he did not waive his absolute right to an evidentiary hearing. He specifically reserved his right to request a hearing at a later time. He now wishes an evidentiary hearing and disputes that he is a flight risk or a danger to the community.

Conclusion

In accordance with 18 U.S.C. § 3142 (f) and applicable case law, this Honorable Court should schedule a detention hearing.

Date: August 29, 2017

Respectfully submitted,

s/ D. Toni Byrd
D. TONI BYRD, ESQUIRE
Asst. Federal Public Defender
Attorney I.D. # PA46557
330 Pine Street, Suite 302
Williamsport, PA 17701
(570)323-9314
FAX: (570)323-9836
Email: toni_byrd@fd.org
Attorney for Justin Daniel Lough

# CERTIFICATE OF SERVICE

     I, D. TONI BYRD, of the Federal Public Defender's Office, do hereby certify that on this date I electronically served, via email, a copy of Justin Daniel Lough's Brief in Support of Motion for Release Pending Trial to the following:

    George J. Rocktashel, Esquire
    Assistant United States Attorney

and by placing the same in the United States Mail, first class, postage prepaid, in Scranton, Pennsylvania, addressed to:

      Justin Daniel Lough

Date: August 29, 2017            s/ D. Toni Byrd_____
                                            D. Toni Byrd
                                            Asst. Federal Public Defender
                                            Attorney for Stacy Morgan